UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

JAMES MARSHALL,

    Plaintiff,

v.

WARBY PARKER, INC.
a Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED

Plaintiff, James Marshall, ("Mr. Marshall" or "Plaintiff") files this Complaint against Defendant, Warby Parker, ("WP" or "Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA, and has the authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201, *et seq*.

3. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

4. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his FMLA/ADA claims.

5. At all times relevant hereto, Plaintiff was an employee of Defendant.

6. Plaintiff worked for Defendant remotely in Polk County, Florida, and this venue is therefore proper.

7. Defendant is a Foreign Profit Corporation that is does business in Polk County, Florida, and is therefore within the jurisdiction of the Court.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

10. Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant; and

    b. Plaintiff was retaliated against and suffered adverse employment action as a result of his disability or "perceived disability," and his request for reasonable accommodation.

11. Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

12. On or around January 31, 2022, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

13. More than 180 days have passed since the filing of the Charge of Discrimination.

14. On or around June 16, 2025, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

15. Plaintiff timely files this action within the applicable period of limitations against Defendant.

16. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

17. Mr. Marshall worked as a Customer Experience Advisor, for WP from March 13, 2020, until his unlawful termination on March 7, 2024.

18. During his tenure, Mr. Marshall was an excellent employee, who had no significant history of non-ADA/FMLA/FCRA-related attendance, performance, or disciplinary issues.

19. Unfortunately, Mr. Marshall suffers from epilepsy, which is considered a "protected disability" under the ADA/FCRA, as well as a "serious health condition" under the FMLA. See 42 U.S.C. § 12102 and 29 U.S.C. § 2612(a)(1)(D).

20. When Mr. Marshall started work at WP in 2020, he had already been diagnosed with epilepsy, which Mr. Marshall disclosed to WP's hiring managers when he applied and interviewed for the position.

21. On or around September 23, 2020, Mr. Marshall, acutely aware of his disabilities, sought accommodations from WP.

22. Specifically, Mr. Marshall requested the non-burdensome accommodation of "safe time off" for when his seizures occur before or during a work shift.

23. Initially, WP abided by this request.

24. Furthermore, Mr. Marshall requested to work where he would not be exposed to fluorescent lighting, because it exacerbates his condition.

25. However, On February 17, 2021, Mr. Marshall was promoted to a full-time position.

26. When this occurred, Mr. Marshall was stripped of his accommodation for "safe time off", in complete violation of the ADA/FCRA.

27. Furthermore, WP issued a "return to office" order for 2022, which would require Mr. Marshall to return to WP's Tennessee office full time.

28. Mr. Marshall objected to this mandate, and explained that it would expose him to fluorescent lights and Tennessee's inclement weather conditions that triggered Plaintiff's epilepsy.

29. Despite WP approving Mr. Marshall for intermittent "safe time" leave under the FMLA, WP reversed course and refused to honor Mr. Marshall's reasonable accommodation request.

30. After these objections, WP began to assess Mr. Marshall with attendance "points" for medically related absences.

31. On June 7, 2021, Mr. Marshall reached out to Cigna, a third-party healthcare and benefits administration company who works with WP's labor force, regarding his requested accommodations and intermittent leave.

32. Celeste Elmore, an HR business partner for WP, claimed that Cigna did not inform WP of Mr. Marshall's accommodations, despite WP temporarily honoring such accommodations in the past.

33. As a result, Ms. Elmore stated that no accommodations were listed in Mr. Marshall's file.

34. WP's refusal to follow proper procedure left Mr. Marshall without the safeguards awarded to him by the ADA, FCRA and FMLA.

35. Thereafter, WP weaponized Mr. Marshall's medically related absences against him through their "point" system and failed to give the proper guidance on his rights in a clear attempt to sabotage his employment.

36. In December 2021, Mr. Marshall filed a complaint with the EEOC against WP, due to discrimination against Mr. Marshall based upon his health and disability.

37. Mr. Marshall still retained his position after filing the EEOC charge. Eventually, the initial EEOC charge expired without action, however, the retaliation against Mr. Marshall continued.

38. WP also began systematically removing Mr. Marshall's other accommodations, such as being able to use digital means of communication rather than telephone.

39. However, WP unilaterally decided to remove these accommodations without a reasonable explanation, causing Mr. Marshall's performance to suffer.

40. WP also created new rules regarding attendance and altered the scheduling, without regard for Mr. Marshall's need for accommodation.

41. The altered scheduling caused Mr. Marshall to miss numerous doctor's appointments.

42. WP, after accommodating Mr. Marshall's disability, decided they no longer hold regard for the law and removed the accommodations unlawfully.

43. While it is clear that WP wished to force Mr. Marshall out of his employment due to his medical condition and requested accommodations, Mr. Marshall persevered and continued performing his duties.

44. On March 7, 2024, after failing to push Mr. Marshall out through years of discriminatory and retaliatory conduct, WP informed Mr. Marshall that WP had decided to terminate his employment effective immediately.

45. It is clear that Mr. Marshall's disability and request for accommodation/leave were seen as problematic to WP managers, and they believed the solution was to simply force him out.

46. Any other reason theorized by WP is mere pretext.

47. Plaintiff is an individual with a disability who, with reasonable accommodation, was fully capable of performing the essential functions of his job.

48. In reality, Defendant's termination of Plaintiff stemmed from its discriminatory animus toward his disability and need for remote work, occasional breaks and FMLA request, which are protected by the FMLA.

49. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA, FCRA, and FMLA.

50. The timing of Plaintiff's termination makes the causal connection between his use or attempted use of FMLA leave, his request for reasonable accommodation under the ADA/FCRA, and his termination sufficiently clear.

51. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA and interference and retaliation in violation of the FMLA.

52. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation as well as Plaintiff's FMLA-protected status.

53. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for requesting reasonable accommodations to treat his serious health conditions/disabilities.

54. In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Plaintiff based solely upon his disability.

55. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

56. Defendant also retaliated against Plaintiff for attempting to utilize and/or utilizing FMLA leave.

57. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

58. Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation, and disability discrimination and retaliation.

59. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Plaintiff notifying Defendant of his serious health condition, and in retaliation for Plaintiff utilizing and/or attempting to utilize unpaid leave pursuant to the FMLA in order to address same.

60. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his use and/or attempted utilization of what should have been protected FMLA leave.

61. Defendant did not have a good faith basis for its actions.

62. Defendant did not have a legitimate, nondiscriminatory, non-retaliatory reason, for its actions.

63. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

64. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

65. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

66. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 9, 17 through 52, 55-66, above.

67. At all times relevant hereto, Plaintiff was protected by the FMLA.

68. At all times relevant hereto, Defendant interfered with Plaintiff by failing to restore Plaintiff to the same or substantially similar position he was in prior to using FMLA leave.

69. Defendant denied Plaintiff FMLA benefits he was otherwise entitled to.

70. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

71. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

72. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief,

declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

73. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 9, 17 through 52, 55-66, above.

74. At all times relevant hereto, Plaintiff was protected by the FMLA.

75. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his use or attempted use of FMLA-protected leave.

76. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

77. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise his rights to take approved leave pursuant to the FMLA.

78. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

79. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISABILITY DISCRIMINIATION
## BASED ON FAILURE TO ACCOMMODATE UNDER THE ADA

80. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 54, 61-65, above.

81. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

82. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

83. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

84. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

85. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

86. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## DISABILITY DISCRIMINIATION
## BASED ON FAILURE TO ACCOMMODATE UNDER THE FCRA

87. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 54, 61-65, above.

88. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

89. The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

90. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

91. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

92. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

93. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V
## RETALIATION UNDER THE ADA BASED ON DISABILITY

58. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 54, 61-65, above.

15

59. Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt she was being discriminated against based on his disability, and his request for reasonable accommodation.

60. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the ADA.

61. Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and his request for reasonable accommodation.

62. Plaintiff's protected activity, and his termination, are causally related.

63. Defendant's stated reasons for Plaintiff's termination are a pretext.

64. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

65. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

66. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

67. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT VI
### RETALIATION UNDER THE FCRA
### BASED ON DISABILITY

68. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 54, 61-65, above.

69. Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt he was being discriminated against based on his disability, and his request for reasonable accommodation.

70. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the FCRA.

71. Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and his request for reasonable accommodation.

72. Plaintiff's protected activity, and his termination, are causally related.

73. Defendant's stated reasons for Plaintiff's termination are a pretext.

74. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

75. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

76. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

77. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 12th day of September 2025.

        Respectfully Submitted,

        ***/s/ Andres Kroboth***
        Andres Kroboth, Esq.
        Florida Bar No. 1016483
        RICHARD CELLER LEGAL, P.A.
        7951 SW 6th St, Suite 316
        Plantation, Florida 33324
        Telephone: (866) 344-9243
        Facsimile: (954) 337-2771
        E-Mail: andres@floridaovertimelawyer.com

        *Counsel for Plaintiff*